United States District Court
District of Massachusetts

|  |  |
|---|---|
| **Anthony James Dew,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. |
| ) | 18-11398-NMG |
| **City of Boston, et al.,** ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM & ORDER**

**GORTON, J.**

This case involves a suit brought under 42 U.S.C. § 1983 by Anthony Dew, a pro se prisoner, against the City of Boston, its Police Commissioner and various Boston police officers in their official and individual capacities (collectively, "defendants").

In December, 2014, the Boston Police Department ("BPD") arranged for a confidential informant to purchase drugs from the target of a BPD investigation. Following the purchase, a BPD field test revealed the subject drugs to be heroin. The confidential informant identified Anthony Dew as the individual who sold him the heroin and in January, 2015, BPD obtained a warrant to search Dew's apartment.

In June, 2016, Dew pled guilty to 19 criminal charges, including human trafficking, assault and battery, assault and

battery with a dangerous weapon and distribution of Class A, B and C controlled substances.

In the instant case, Dew alleges that the defendants violated his rights under § 1983 by (1) searching his home pursuant to an invalid warrant based on allegedly fabricated probable cause and (2) failing to implement meaningful policies to discourage lawless official conduct.

Magistrate Judge Boal issued a Report and Recommendation ("R&R") on August 8, 2019, recommending that this Court dismiss Dew's claims against all defendants (Docket Entry No. 59). Dew filed an objection to the R&R on August 26, 2019 (Docket Entry No. 62).

In his objection, Dew, who represents himself pro se, appears to make three arguments: (1) his criminal conviction is not yet final; (2) success on his § 1983 claim would not necessitate invalidating his plea; and (3) he is entitled to post-conviction DNA testing and forensic analysis to show the search warrant was based on fabricated evidence.

With respect to the finality of his criminal conviction, Dew directs the Court to his application for further appellate review by the Massachusetts Supreme Judicial Court ("the SJC"). He correctly points out that his application for further appellate review by the SJC was still pending when Magistrate

- 2 -

Judge Boal issued her R&R. On September 13, 2019, however, the SJC denied Dew's application. Accordingly, Dew's conviction is final.

Dew's remaining objections are either irrelevant or unpersuasive. With respect to his second objection, Dew's § 1983 claim is barred by the favorable termination doctrine for the reasons identified by Magistrate Judge Boal in the R&R at pages 8-10.

Dew's third objection is properly construed as proffering additional argument in support of his pending Motion For Access to Post Conviction DNA Testing (Docket Entry No. 57). In his motion, Dew seeks discovery relating to the chain of custody for the drugs purchased by the confidential informant as well as DNA testing of the drug bags. Dew apparently contests whether the drugs were actually tested by the state lab and whether his DNA shows up on the drug bags.

Dew's motion for discovery ignores Magistrate Judge Boal's previous order finding that Dew cannot establish good cause for discovery until after a favorable ruling on defendants' motions to dismiss (Docket Entry No. 51). Dew provides no additional reason for why discovery should now be allowed apart from his threadbare allegation that such additional discovery might

produce potentially exculpatory evidence.  In any event, the motion will be moot after Dew's claims are dismissed.

In short, Dew's objections are overruled and Magistrate Judge Boal's R&R (Docket Entry No. 59) is accepted and adopted.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated September 18, 2019